1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7       **EASTERN DISTRICT OF CALIFORNIA**
8

| ALEXIS RIVERA, an individual, | Case No. 1:24-cv-00333-JLT-SAB |
|---|---|
| Plaintiff, | ORDER TO CONSTRUE PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL AS MOTION TO AMEND THE COMPLAINT TO EXCLUDE THE SECOND AND THIRD CAUSES OF ACTION |
| v. | |
| O'REILLY AUTO ENTERPRISES LLC., and DOES 1 through 10, | |
| Defendants. | (Doc. 47) |

Plaintiff asks this Court to dismiss the second and third claims raised in his Complaint with prejudice. (*See generally* Doc. 47.) The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 provides the proper mechanism to do so. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); *but see Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). Thus, the Court will construe Plaintiff's unopposed request to dismiss the second and third causes of action as a Rule 15 request to amend the Complaint. *See Hells Canyon Pres. Council*, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim

under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)).

Accordingly, the Court **ORDERS** that Plaintiff's complaint filed on March 21, 2024 is **DEEMED AMENDED** to omit the failure to accommodate and failure to engage in interactive process claims.

IT IS SO ORDERED.

Dated: **December 31, 2025**

_____
UNITED STATES DISTRICT JUDGE

2