UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS RIVERA, an individual<br><br>            Plaintiff,<br>    v.<br><br>O'REILLY AUTO ENTERPRISES LLC., and DOES 1-10,<br><br>            Defendants. | Case No. 1:24-cv-00333-JLT-SAB<br><br>ORDER ON MOTIONS IN LIMINE<br><br>(Docs. 40, 41, 42, 43, 44, 45) |

Alexis Rivera seeks to hold his former employer liable for discriminating and/or retaliating against him on the basis of his disability and/or taking or seeking medical leave. (*See generally* Doc. 1) The defendant has submitted numerous motions in limine regarding evidence expected to be presented at trial, which are now before the Court. (Docs. 40, 41, 42.) The Court finds the matters suitable for decision without oral argument pursuant to Local Rule 230(g).

## I.    LEGAL STANDARDS

### A.  Motions in Limine Generally

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained that motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted).

Courts disfavor motions in limine seeking to exclude broad categories of evidence. *See*

*Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]." *Sperberg*, 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008), because that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440. Rulings on the motions in limine do not preclude either party from arguing the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible. In such event, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury.

**B.  Federal Rules of Evidence 401–403**

Evidence must be relevant to be admissible at trial. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In evaluating these Rule 403 considerations, district courts enjoy "wide latitude" to admit evidence. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002). A court may not use Rule 403 to exclude evidence "on the ground that it does not find the evidence to be credible." *See United States v. Evans*, 728 F.3d 953, 963 (9th Cir. 2013) ("Weighing probative value against unfair prejudice under Rule 403 means probative value with respect to a material fact if the

2

1  evidence is believed, not the degree the court finds it believable."). That is, "a conflict in the
2  evidence goes to the weight of [the evidence], not to its admissibility." *United States v. Candoli*,
3  870 F.2d 496, 509 (9th Cir. 1989).

## II. DISCUSSION

### A. Motion in Limine No. 1 (Doc. 40): Similarly Situated Comparators

"To establish his FEHA discrimination claim, [Plaintiff] must show (1) he belonged to a protected class, (2) he was qualified and performing competently for the position he held, (3) he was subject to an adverse employment action, and (4) similarly situated individuals outside the protected class were treated more favorably." *Wilson v. City of Fresno*, 763 F. Supp. 3d 1073, 1107–08 (E.D. Cal. 2025) (citing *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (Cal. 2000)). "Employees are similarly situated if they are similar 'in all material respects,' that is, 'when they have similar jobs and display similar conduct.'" *Howard v. Raytheon Co.*, No. CV 09-5742 ABC (EX), 2011 WL 13177257, at *3 (C.D. Cal. Mar. 2011).

"Whether [comparator] evidence can be admitted at trial is a case-by-case determination that 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Gonzalez v. City of McFarland*, No. 1:13-cv-00086-JLT, 2014 WL 5781010, at *5 (E.D. Cal. Nov. 5, 2014) (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)). The Ninth Circuit has held that the question of whether the comparator employees are similar to the plaintiff is a question of fact that is more properly left to the jury. *Aparicio v. Comcast, Inc.*, 274 F. Supp. 3d 1014, 1028 (N.D. Cal. 2017) ("We have stated that 'whether two employees are similarly situated is ordinarily a question of fact.'" (quoting *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 885 n.5 (9th Cir. 2007))). "In addition, the Eighth Circuit has held that, in a discrimination case, circumstantial evidence of an employer's unflattering history and work practices may be 'critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive[.]'" *Romero v. Garland*, No. 3:19-cv-02138-JAH-DTF, 2025 WL 3120718, at *17 (S.D. Cal. Nov. 6, 2025) (quoting *Hawkins*, 900 F.2d at 155 (citation omitted)).

Defendant's first motion in limine requests the exclusion of all evidence related to three

3

1  employees—Kinser, Mitchell, and Juarez—under the theory that none of them are sufficiently
2  similar to Plaintiff in all material respects. (*See generally* Doc. 40.)

        1. Preliminary Matters

4      Defendant argues that admitting the comparator evidence may run the risk of creating a
5  series of "mini trials" because it will have to introduce "documents to illustrate the irrelevance of
6  the incident(s) to the facts of this matter." (Doc. 40 at 13.) Defendant also asserts that it will have
7  to offer many rebuttal witnesses in response to Plaintiff's proffered comparators. (Doc. 40 at 13.)

        2. Kinser

9      Defendant first seeks to exclude various incidents where Retail Service Will Kinser, a
10 fellow co-worker of Plaintiff, uttered words like "fat a$$" and "T*ts," arguing that those
11 "incidents are not 'similar' to the facts of this case[.] . . ." (Doc. 40 at 2.)

12     As Plaintiff points out, Defendant's arguments to exclude Kinser rely heavily on minor
13 distinctions. (Doc. 43 at 9.) For instance, Defendant argues that Kinser is not similarly situated
14 because he worked the retail side of the store though Plaintiff worked in the commercial side.
15 (Doc. 40 at 9.) Defendant does not explain why this distinction is so significant as to make the
16 situation with Kinser radically distinct.

17     Likewise, Defendant points out that Kinser did not communicate the alleged "fat a$$"
18 comment to Plaintiff, without explaining why it is important for Plaintiff to have personally heard
19 the statement, (*id.*), when the relevant question is concerned with Defendant's pattern of behavior.
20 Contrary to Defendant's position, (*id.* at 11), the case law does not require a similar situated
21 comparator to have worked at the same store under the same manager, *see Aparicio*, 274 F. Supp.
22 3d at 1028 (explaining that "whether the purported comparator employees had the same
23 supervisor, while relevant, is not determinative of the issue of whether the employees are
24 similarly situated" (citing *Hawn*, 615 F.3d at 1157)).

25     Defendant's only substantial objection is that Kinser's "fat a$$" comment did not prompt
26 a complaint from any other team member. (Doc. 40 at 10.) Though this could be a factor that
27 distinguishes Kinser from Plaintiff, it is not necessarily so. In *Hawn*, the Ninth Circuit stated in
28 no ambiguous terms that "[t]he existence of a complaint may not always be material or

determinative," and "stress[ed] again that the determination whether a plaintiff and a coworker are similarly situated will generally be a question of fact." 615 F.3d at 1161. Thus, the lack of explicit complaint regarding the comment does not negate the existence of numerous other complaints against Kinser. (*See generally* Doc. 43 at 3–5.)

Moreover, the question is whether a plaintiff and a particular employee are similarly situated in material respects, not whether a particular comment by another employee is sufficiently like the one made by Plaintiff. *See Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) ("[T]he plaintiff and the comparator *employee* must be 'similarly situated ... in all material respects.'" (quoting *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (second alteration in original) (emphasis added))).

Holistically speaking, the Court finds that Defendant's treatment of Mr. Kinser gives rise to a colorable argument that the latter was a similarly situated employee. (*See* Doc. 43 at 3–5.) Like Plaintiff, Kinser used profane and offensive language, and his behavior was reported to HR. (*Id*. at 3–4.) Kinser also purportedly made racist remarks. (*Id*. at 4.) As such, the jury is entitled to weigh the evidence and determine whether Mr. Kinser's situation is similar enough to Plaintiff. *See Sprint*, 552 U.S. at 388 (The "question [of] whether evidence of discrimination by other supervisors is relevant in an individual [employment discrimination] case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."); *see also Goold*, 2014 WL 4629083, at *1 ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence, because that is the province of the jury." (internal citations and quotation marks omitted) (alteration in original)).

For these reasons, the Court **DENIES** Defendant's motion in limine to exclude all evidence and references to four categories of comments by Kinser.

    3. <u>Mitchell</u>

Defendant seeks to exclude evidence of incidents where Assistant Store Manager Tim Mitchell made sexual remarks at work, (Doc. 40 at 11–12), arguing that Michell is not a similarly situated employee on three grounds. First, Defendant points to the fact that Michell worked in the retail department whereas Plaintiff worked in the commercial department. (*Id*. at 12.) Once again,

1  Defendant has not explained how this distinction is meaningful. *Moran*, 447 F.3d at 755
2  (emphasis added).

3  Second, Defendant contends that "whereas Plaintiff engaged in a hostile 'verbal
4  altercation' with a subordinate using profane language, [] Mitchell is accused of 'of using
5  inappropriate language in the workplace' with a co-worker who was not offended by the alleged
6  statement." (Doc. 40 at 12 (citations to the record omitted).) But the difference between profane
7  and sexual language may not be so significant as to render the latter inadmissible on relevancy
8  ground. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (explaining that
9  comparators must have "engage[d] in problematic conduct of comparable seriousness").
10 Moreover, even though the complainant was not personally offended, other bystanders were,
11 (Doc. 43 at 6; Doc. 42-2 at 17); therefore, the lack of "reaction" by the complainant may not be so
12 significant as to render Mitchell's comments inadmissible, *cf. Meyer v. California & Hawaiian*
13 *Sugar Co.*, 662 F.2d 637, 640 (9th Cir. 1981) (concluding that there was no "genuine issue of
14 pretext" where there was no evidence that the male employees' remarks had "provoked anything
15 comparable to the vigorous reaction" that resulted from the female plaintiff's comments).

16 Third, Defendant contends that Mitchell was not on final warning, unlike Plaintiff. (Doc.
17 40 at 12.) However, Defendant's lack of vigorous response to Mitchell's alleged misbehavior
18 (e.g., lack of final warning) may be *evidence of disparate treatment* of another employee who had
19 engaged in similarly misconduct. (*See* Doc. 43 at 6–7.) The Court further notes that Defendant
20 has made no effort explaining *how* the probative value of admitting evidence regarding Mitchell's
21 behavior is substantially outweighed by the danger of unfair prejudice. Thus, the motion is
22 **DENIED** as to this evidence.

23 Finally, Defendant contends that the Court should exclude evidence regarding Mitchell's
24 discipline records, all of which occurred after Plaintiff's termination. (Doc. 40 at 12.) Plaintiff
25 represents that he has "no objection to Defendant's request to exclude Mitchell's three written
26 warnings issued after [his] February 2024 termination. (Defendant's Exhibits N, O, P.)." (Doc. 43
27 at n.7.) Accordingly, the Court **GRANTS** Defendant's motion in limine only to the extent that it
28 seeks to seeks to exclude Defendant's exhibits N, O, and P.

6

        4.   Juarez

Defendant further seeks to exclude an incident where Team Member Salvador Juarez made various sexual statements to female employees. (Doc. 40 at 13.) Plaintiff makes no serious effort to expound on the circumstance surrounding Juarez's final warning. For instance, there is no discussion as to the nature and circumstances of Juarez's prior disciplines. *See, e.g.*, *Tusima v. Banner Univ. Med. Ctr. Phoenix*, No. CV-21-01693-PHX-JJT, 2023 WL 3344633, at *7 (D. Ariz. May 10, 2023) (rejecting the plaintiff's argument that another employee was similarly situated when the plaintiff "makes no argument, and identifies no evidence to support any such argument, that these employees displayed similar performance issues, received similar corrective actions, or were otherwise similarly situated to Plaintiff in all material respects"); *Weil*, 922 F.3d at 1004 (finding plaintiff failed to show other employees were similarly situated where he introduced no evidence that they engaged in similar conduct such as failing to meet deadlines or complete tasks or received declining performance reviews). Relying on a cursory, one-paragraph description of the incident, without any details as to the exact words uttered or the situational context in which they were uttered, (*see* Doc. 43 at 7 (citing Doc. 42-2 at 25)), is nowhere sufficient for the Court to determine whether Juarez's background is sufficiently similar to Plaintiff's background as to submit the issue to the jury. Therefore, the motion is **GRANTED** as to this evidence, and Plaintiff **SHALL NOT** attempt to introduce Juarez as comparator evidence unless and until he makes the requisite showing—outside the presence of the jury—on the question of admissibility.

**A. Motion in Limine No. 2 (Doc. 41): Demotion to Assistant Store Manager**

"To establish a prima facie case of disability discrimination, Plaintiff must show: (1) that he suffered from a disability of which the employer was aware; (2) that, notwithstanding his disability, he could perform the essential functions of his job with or without reasonable accommodation, and (3) that he was subjected to an adverse employment action because of his disability." *Jadwin v. Cnty. of Kern*, 610 F. Supp. 2d 1129, 1182 (E.D. Cal. 2009) (citations and footnote omitted).

Defendant begins by noting that Plaintiff "did not (and could not) return to work prior to June 20, 2022," and that it "assigned a full-time manager to the store and changed Plaintiff's

position to Assistant Store Manager" only "after four months without a store manager and only after Plaintiff's protected leave had expired with no known return date." (Doc. 41 at 3–4.) Defendant argues that it was therefore justified in removing Plaintiff from his position as the store manager for a legitimate purpose not related to Plaintiff's protected leave. (*Id*. at 5–6.) Accordingly, Defendant contends that it is not liable for Plaintiff's demotion from Store Manager to Assistant Store Manager or any resulting economic damages. (*Id*. at 6.)

However, because neither party moved for summary judgment or adjudication[1], "[t]here is a triable issue as to whether it was Plaintiff's absence from work during his protected leaves under the FMLA/CFRA, including his full-time leave, that prompted the [demotion] decision, or whether it was his continued unprotected absence *after* his protected leave expired which prompted the [demotion] decision." *See Jadwin v. Cnty. of Kern*, 610 F. Supp. 2d 1129, 1183 (E.D. Cal. 2009) (emphasis in original); *see also id*. at 1175 ("The nature of Plaintiff's evidence is such that notwithstanding the contention that he was removed from his chairmanship for legitimate reasons—because of his unprotected absence and lack of evident commitment to return to work—a reasonable trier of fact could nonetheless conclude that, because of his CFRA leave, Plaintiff was removed from his chairmanship."). Consequently, the issue of "whether the demotion was unlawful"—and any resulting economic damages, if any—should be left to the jury, as Plaintiff recognizes. (Doc. 44 at 3.)

For these reasons, the Court **DENIES** Defendant's motion in limine to exclude all evidence and reference to Plaintiff's compensation as a store manager and assistant store manager.

**B. Motion in Limine No. 3 (Doc. 42): Damages Post-Advance Auto Parts**

The general rule in California "is that the measure of recovery by a wrongfully discharged employee is the amount of salary agreed upon for the period of service, less the amount the employer proves the employee has earned or with reasonable effort might have earned from other employment." *Boehm v. American Broadcasting Co., Inc.*, 929 F.2d 482, 485 (9th Cir. 1991)

---

[1] Motions in limine are not designed to be late-filed Rule 56 motions. *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013), aff'd, 574 U.S. 418 (2015)

1  (quoting *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (Cal. 1970)). "'[T]he
2  employer must show that the other employment was comparable, or substantially similar, to that
3  of which the employee has been deprived; the employee's rejection of or failure to seek other
4  available employment of a different or inferior kind may not be resorted to in order to mitigate
5  damages.'" *Hope v. California Youth Authority*, 134 Cal. App. 4th 577, 595 (Cal. Ct. App. 2005)
6  (quoting *Parker*, 3 Cal. 3d at 181–82). Similarly, under *Stanchfield v. Hamer Toyota, Inc.*, if a
7  plaintiff has obtained comparable substitute employment, but has subsequently lost that
8  employment, whether he reasonably retained the substitute employment and what amount could
9  have been earned through that employment are questions for the jury. 37 Cal. App. 4th 1495,
10 1502–03 (Cal. Ct. App. 1995). Mitigation is a question of fact on which defendants bear the
11 burden of proof. *Boehm*, 929 F.2d at 485.

12 Defendant seeks to exclude all evidence and reference to economic damages allegedly
13 incurred by Plaintiff after he had secured employment with Advance Auto Parts. (Doc. 42 at 2.)
14 Defendant's primary contention is that its "exposure for damages ends" as soon as Plaintiff
15 "accepts a job with another employer" that pays "the same or a higher wage." (*Id*. at 4.) Stated
16 differently, Defendant seems to argue that "Plaintiff completely mitigated his damages" so long
17 as he acquired any comparable subsequent employment—regardless of how short it may be—and,
18 therefore, "discharged [Defendant] from any further liability for economic damages." (*See* Doc.
19 42 at 5.)

20 The Court disagrees. Under *Stanchfield*, Defendant's liability does not end as soon as
21 Plaintiff finds a comparable subsequent employment; consequently, Plaintiff has a duty to
22 maintain his subsequent employment to satisfy his duty to mitigate and to avoid a reduction of
23 damages. 37 Cal. App. 4th at 1502–03. Defendant's position that Plaintiff "completely mitigated
24 his damages," even though his subsequent employment with Advanced Auto Parts lasted only
25 three months, is unsupported by the law.

26 Nor is the evidence unduly prejudicial such that it must be excluded under F. R. Evid.
27 403, which provides that relevant evidence "may be excluded if its probative value is
28 substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." To determine the "need" or "probative value" of evidence under Rule 403, a court considers "not only the extent to which it tends to demonstrate the proposition which has been admitted to prove, but also the extent to which the proposition was directly at issue in the case." *United States v. Herman,* 589 F.2d 1191, 1198 (3rd Cir. 1978). Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." F. R. Evid. 403, Adv. Comm. Notes; *Old Chief v. United States,* 519 U.S. 172, 180 (1997). Unfair prejudice is characterized as "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Mullen v. Princess Anne Volunteer Fire Co., Inc.,* 853 F.2d 1130, 1134 (4th Cir.1988).

Evidence of Plaintiff's employment with Advanced Auto Parts is probative of whether Plaintiff has satisfied his duty to mitigate damages and whether damages are fully mitigated, thereby excusing Defendant of all economic liability post-Advanced Auto Parts. The matter is straightforward, and Defendant provides little support that admission of this evidence will confuse issues or mislead the jury—its admission is certainly not unfairly prejudicial. *See United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) ("It is worth remembering that the touchstone for excluding evidence under Rule 403 is not prejudice, but 'unfair' prejudice" (internal quotation marks omitted)).

For the reasons discussed above, this Court **DENIES** Defendant's motion in limine to exclude evidence of Plaintiff's economic damages after he began his employment with Advanced Auto Parts.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion in limine number 1 (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

///

///

///

2. Plaintiff's motions in limine number 2 and 3 (Docs. 41, 42) are **DENIED**.

**Counsel SHALL discuss the rulings with their clients and witnesses to ensure compliance with this order.**

IT IS SO ORDERED.

Dated: __**January 3, 2026**__

_____
UNITED STATES DISTRICT JUDGE